*Original*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES KEITT,

      Petitioner,

vs.                                                      CA. No. 04-362E

UNITED STATES PAROLE COMMISSION,          Judge McLaughlin
DISTRICT OF COLUMBIA BOARD OF             Magistrate Judge Baxter
PAROLE,

      Respondents.

_____/

### DECLARATION OF JAMES KEITT

I, **James Keitt**, under the penalty of perjury hereby declare
the following:

1.    I am the Petitioner in the above captioned cause, and
currently I am housed at the Federal Correctional Institution
at McKean in Bradford, Pennsylvania.

2.    On July 21, 1996, I was at the residence of Olame Brown,
who at that time allowed me to reside with her.  Ms. Brown was
an elderly woman of about sixty five years old, who I considered
as a mother figure because her decease son, Leonard Brown, and
I grew-up together.

3.    I had just returned home from church and Ms. Brown
was talking with a relative on the telephone.  She was noticeably
upset and the tone of her voice indicated that she was also angry.

4.    After her telephone conversation, she came into the
kitchen and began complaining about a empty beverage container
I had left on the kitchen table.  I explained to her that the
rear door was locked, so I was unable to put the trash in the
proper receptacle.

5.    She became argumentative for no apparent reasons.  I

thought it was related to my refusal to accommodate her sexual advances, however, I did not mention this to her.  Rather, I told her that I felt it was best that I leave.

6.    This shook her and while she was cutting ham for lunch, she stumbled backwards and hit her head.  As I helped her up, I secured the knife she was holding.  She was not badly injured, so after helping her to the chair, I later left.

7.    At no time during this incident did I cut Ms. Brown with a knife or otherwise attempt to murder of injure her.  As stated, I considered her as a mother figure, and I knew she was upset over my decision to find another place to live.

8.    Afterward, I moved in with my mother until I was able to get a room on 13th and Harbit Street, N.W.  I also, continued to work every and did not think Ms. Brown would make false allegations about the incident.

9.    About two weeks after the incident on July 21st, my mother contacted me at work and informed that a detective for the D.C. police wanted to talk with me about an incident involving Ms. Brown.

10.    Subsequently, I went to the D.C. Police Department to speak with the detective.  At the outset of our discussion, he placed me under arrest indicating that he knew I was a parolee and had beaten and robbed a senior citizen.

11.    I was arraigned the next day.  The judge released me on personal bond; however, the next day when I returned to court, I was remanded to authorities.

12.    I was charged with Armed Robbery and Assault with a Deadly Weapon with Intent to do Great Bodily Harm Against a Senior

13. At trial, Ms. Brown testified, and became ill before completing her testimony. The Court adjourned the proceedings, and my attorney advised me that in exchange for my guilty plea to Armed Robbery, the prosecutor was willing to request that the charge of Assault with a Deadly Weapon with Intent to do Great Bodily Harm Against a Senior Citizen be dismissed.

14. My attorney urged me to take the plea because of the gravity of Ms. Brown's testimony coupled with her physical condition. He further informed me that it would limit my sentencing exposure from the severe penalty I faced if convicted.

15. Although, I still maintain my innocence, in order to avoid the possibility of a life sentence, I decided it was in my best interest to accept the prosecutor's plea bargain.

I declare under the penalty of perjury that the foregoing is true and correct. **28 U.S.C. § 1746(2).**

Date: ___8 - 1 - 05___

_James Keitt_
James Keitt #05240-016