IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES KEITT,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES PAROLE<br>COMMISSION, et al.,<br>    Respondents. | Civil Action No. 04-362E<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied.

**II.   REPORT**

This is a petition filed pursuant to 28 U.S.C. §2241 by James Keitt, a federal prisoner incarcerated at the Federal Correctional Institution at McKean, located in Bradford, Pennsylvania. Keitt alleges that the United States Parole Commission has acted improperly in several respects leading to his continued incarceration. A response has been filed (Docket #6) and Keitt filed a reply (Docket #11). The petition is now ripe for disposition.

    **A.   Procedural History.**

Petitioner James Keitt has been either in custody or on parole since 1979 for crimes committed in the District of Columbia. Keitt's latest period of release on parole ended in September 1996, when he was charged in the District of Columbia Superior Court with armed robbery. These new charges resulted in a sentence of 15 years of imprisonment after his conviction on July 28, 1997 (Docket #11, Exhibit 11). The Parole Commission revoked Keitt's parole on October 4, 2004, (Id., Exhibit N) on the basis of Keitt's July 1997 conviction for armed robbery, which involved Keitt assaulting an elderly woman with a knife and threatening to kill her during the assault (Id., Exhibit M at 2). At the Parole Hearing, Keitt admitted pleading guilty to armed robbery, but asserted that he did so only to avoid a life sentence as a three-time offender (Id.). Keitt denied robbing, assaulting or threatening the victim, and claimed she was angry with him when he rebuffed her sexual advances, and had, in fact, injured

herself while preparing food (Id.).

Petitioner initially raised four claims concerning the October 2004 Commission decision:

1. The Commission denied petitioner due process by ruling that their decision was not appealable;

2. The Commission relied upon erroneous information in finding that petitioner attempted to murder the victim;

3. The application of Commission guidelines rather than the D.C. Parole Guidelines violated the Ex Post Facto Clause;

4. The Double Jeopardy Clause was violated by the Commission's action.

(Docket #1). Petitioner Keitt concedes in his reply that he has no right to an administrative appeal, and that the Commission's action did not result in double jeopardy (Docket #11). Thus, Keitt has conceded his first and fourth claims, and the court need address only the second and third claims set forth above.

### B.    Applicable Legal Standard.

A petition pursuant to §2241 is the proper method for challenging the actions of the United States Parole Commission. See, e.g., U.S. v. Kennedy, 851 F.2d 689, 691 & n. 4 (3d Cir.1988) (challenge to parole commission's execution of federal sentence properly challenged under Section 2241). However, the standard of review of the Parole Commission's determination is "extremely deferential." Furnari v. Warden, Allenwood Federal Correctional Institution, 218 F.3d 250 (3d Cir.2000). The court must affirm the Parole Commission's decision as long as "'there is a rational basis in the record for the [Parole Commission's] conclusions embodied in its statement of reasons.'" Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir.1976)).

### C.    Petitioner's Claims.

Keitt's first argument is that the 2004 revocation proceeding was premised upon an inaccurate finding of fact concerning his having attempted to murder the robbery victim. In this respect, the standard of review explained in Furnari is relevant:

> The appropriate standard of review of the Commission's findings of fact "is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in

> its statement of reasons." <u>Zannino v. Arnold</u>, 531 F.2d 687, 691 (3d Cir.1976); <u>see also</u> 28 C.F.R. § 2.18 ("The granting of parole to an eligible prisoner rests in the discretion of the United States Parole Commission."). This Court should review, however, whether the Commission "has followed criteria appropriate, rational and consistent" with its enabling statutes so that its "decision is not arbitrary and capricious, nor based on impermissible considerations." <u>Zannino</u>, 531 F.2d at 690. To this end, "the Commission may not base its judgment as to parole on an inaccurate factual predicate." <u>Campbell v. United States Parole Comm'n</u>, 704 F.2d 106, 109 (3d Cir.1983) (citations omitted).

218 F.3d at 254.

Here, the Commission relied upon evidence contained in a pre-hearing assessment which, in turn, drew information from Keitt's guilty plea to armed robbery. The Commission concluded that Keitt assaulted an 80 year-old woman with a knife and threatened to kill her while robbing her (Docket #11, Exhibit O). The Commission determined that Keitt's behavior exhibited a "high level of violence," as it was an attempt to murder the victim. The Commission's Guidelines assign a point score to an offense premised upon a finding that it involves a high level of violence. 28 C.F.R. §2.80 (f). Keitt objects to this finding, and argues that his version of events, where no verbal threat was made and the victim injured herself while falling down while holding a knife, is more credible. He argues that this is the case even though he pleaded guilty to charges of armed robbery, and that the Commission's assignment of an offense score was in error.

The Commission's findings have a rational basis in the record. The Commission is not required to credit Keitt's version of events, nor is it required to discount the victim's testimony concerning what occurred. Accordingly, the Commission's findings may not be disturbed.

Keitt next argues that application of the Commission's Guidelines is an Ex Post Facto violation. Specifically, petitioner asserts that he may have obtained a different result at his parole hearing had earlier guidelines, adopted by the District of Columbia Board of Parole, been applied. Petitioner's custody, as well as the custody of all convicted D.C. felons, was transferred to the United States Parole Commission (USPC) on August 5, 1998, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1). The Commission, pursuant to authority granted under the Act, has amended the guidelines applicable to D.C. offenders since that time. Keitt argues that he is entitled to application of the parole guidelines extant when he first came under the Board's jurisdiction. This argument has been rejected by various courts. <u>Simmons v. Shearin</u>, 295 F.Supp. 599, 603-604 (D.Md. 2003) (citing cases). The discussion

of this issue in <u>Simmons</u> is instructive:

> The D.C. Parole Board's scoring system created by the 1987 guidelines simply formalized the method by which it exercised its considerable discretion to grant parole. <u>Davis v. Henderson</u>, 652 A.2d 634, 634 (D.D.C. 1995). The USPC also exercises broad discretion, and several circuits accordingly have concluded that the USPC guidelines are not "laws" within the meaning of the *Ex Post Facto* Clause.

<u>Id</u>. at 603. Therefore, since the manner in which parole was granted or denied did not greatly change when the D.C. Parole Board adopted its guidelines, and since "discretion was the key factor in determining Petitioner's parole eligibility under both the D.C. Parole Board and the [United States Parole Commission Guidelines]" D.C. prisoners like petitioner here "cannot establish that the change in guidelines created a risk of increased punishment sufficient to state an *Ex Post Facto* Clause challenge." <u>Id</u>. at 604. Petitioner's claim that he was entitled to application of regulations long since amended is meritless.

### D.     Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." <u>Szuchon v. Lehman,</u> 273 F.3d 299, 312 (3d Cir. 2001) <u>quoting</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." <u>McCracken v. Gibson</u>, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. <u>United States v. Cepero</u>, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

**III.   CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                  /s/Susan Paradise Baxter
                                                  SUSAN PARADISE BAXTER
                                                  Chief U.S. Magistrate Judge

Dated:  May 16, 2006