IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES KEITT,

      Petitioner,

vs.

UNITED STATES PAROLE
COMMISSION, et al.,

      Respondents.
_____/

Civil Action No. 04-362E
District Judge McLaughlin
Magistrate Judge Baxter

FILED
'06 JUN -5 PM2:12

## PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

NOW COMES, Petitioner, James Keitt, in propira persona, and files his objections to the Magistrate Judge's Report and Recommendation ("R&R").

## I. INTRODUCTION

Magistrate Judge Baxter recommends that the Petition For Writ of Habeas Corpus filed by Petitioner be dismissed for the following reasons:  (1) The Commission's findings have a rational basis in the record and (2) The Commission's application of its Guidelines did not violate the Ex Post Facto Clause because the Commission's discretion is the key factor in determining Petitioner's parole eligibility under the former or current guidelines, hence ther is no way to show that the change in guidelines created a substantial risk of increased punishment sufficient enough to implicate the Ex Post Facto Clause.  **See R&R @ pp. 3-4.**  For the reasons below, Petitioner objects to these findings.

## II. OBJECTIONS

**A. Inaccurate Information:**

As noted in the R&R, the Third Circuit in **Gambino v. Morris, 134 F.3d 156, 160 (CA 3, 1998),** held that "the inquiry [as to whether the Commission's conclusion constitutes an abuse of dis-

cretion] is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons." **Gambino, @ 160.**  To this end, the Commission may not base its judgment as to parole on an inaccurate factual predicate. **See Campbell v. United States Parole Comm'n**, 704 F.2d 106, 109 **(CA 3, 1983).**  Although the Commission may consider a broad range of information, including "such ... relevant information concerning the prisoner ... as may be reasonably available." **18 U.S.C. 4207 (1997).**  Such evidence must be more than bald assertions from an unverified source.  **Gambino, supra. @ 163 (citing United States v. Cammisano**, 917 F.2d 1057, 1061 (CA 8, 1990).

**Facts:**

The R&R indicates that "the Commission relied upon evidence contained in a pre-hearing assessment which, in turn, drew information from Keitt's guilty plea to armed robbery." **R&R @ 3.**  The problem with this finding is that information the Commission "drew" from Keitt's guilty plea to armed robbery was derived from the Presentence Investigation Report ("PSI"), which conflicts with facts stated in the pre-hearing assessment and the record.

As noted in Petitioner's Reply to the Government Response to his Habeas Petition, the records states the following:

> In 1997 the subject receive a new 5-15 year term for Armed Robbery.  The file indicates that the subject and his roomate robbed an 80 year old female victim. It reports that the subject attacked the victim from behind with a knife.  The subject struck the victim once about the head with the knife causing a laceration. The subject pushed the victim to the floor began to
>
> Choke her with his hands.  The subject then stated "mom, mom, I'm going to kill you."
>
> The victim was able to escape by kicking the subject in the groin and he released her.  He then demanded money from the victim and he forcibly took a small pouch, which contained the victim's keys and currency.

He then left the home and fled the scene.  The victim
suffered a laceration to the head and several scratches
to the neck.  She was transported by ambulance to hospital
where she was treated and released.

**(See Gov't Ex. M @ p. 1).**

This account from the Commission Hearing Summary dated September
8, 2004, lacks veracity when compared with the account from the
victim reported in the PSI.  **See Gov't Ex. O @ p. 3.**  Nothing
mentioned in the PSI indicates that Petitioner was with an accomplice.
**Id.**  In fact, the PSI describes Petitioner as the victim's roommate.
**Id.**  Further, the account of the PSI indicates that the alleged
incident was preceded by a discussion between the victim and Petitioner
about an empty beverage container he left on the kitchen table
and that this discussion escalated to an argument.  **Id**

The R&R dismisses these inaccuracies as if the Commission
is free to utilize information that lacks verification or corroboration.
Specifically, the Hearing Summary is latent with the following
errors:  (1) that Petitioner had an accomplice; (2) that his accomplice
was his roommate; (3) that Petitioner cut the victim with a knife
causing a head laceration; and (4) that Petitioner choked the
victim.  **Id.**

The Commission's "reliance on one factually incorrect reason
and one nonspecific reason does not constitute "rational basis"
for parole date outside of guidelines."  **Misasi v. United States
Parole Comm'n**, 835 F.2d 754, 757-58 (CA 10, 1987).  More important,
nothing in the factual basis for Petitioner's guilty plea supports
a finding that he attempted to murder the victim.

Accordingly, as more thoroughly stated in Petitioner's Reply
pleading, the factual basis for the Commission's findings are
inaccurate, hence there is no rational basis to support its findings.

## B. Ex Post Facto Violation:

The R&R relies on the decision by the United States District Court for the District of Maryland in **Simmons v. Shearin**, 295 **F.Supp.2d 599, 603-604 (D.Md. 2003),** to support the proposition that the Commission did not violate Ex Post Facto Clause by using its own guidelines to determine parole eligibility of Petitioner's parole, because discretion is a key factor for determining parole eligibility under both systems, such that change in the guidelines did not create constitutionally cognizable risk of increased punishment. While under the circumstances in the **Simmons** case, this proposition seems logical, in the case sub judice, it is not a question of just discretion, but how that discretion is exercised.

As Petitioner arued in his Reply pleading, in **Mickens-Thomas v. Vaughn**, **321 F.3d 374, 383 (CA 3, 2003),** the Third Circuit held that the Ex Post Facto Clause applies to a statutory or policy change that "alters the definition of criminal conduct or increases the penalty by which a crime in punishable." **Id**.  A new policy violates that Ex Post Facto Clause when, (1) it is retrospective, i.e., when it "[a]pplies to events occurring before its enactment," and 92) when it "disadvantage[s] the offender affected by it." **Id. (citation ommitted).**  Essentially, the matter at issue "is not whether the statute on its face pertains to parole decision making, but whether, in practice, the new langauge has altered the fundament for reviewing parole applications." **Mickens, supra. @ 384.**

Here, it is undisputed that the Commission's guidelines are retroactively applied.  Similarly, it is also apparent that they put Petitioner at a substantial disadvantage.  As noted in Petitioner's Reply pleadings, 28 CFR § 2.80(5), alter the fundament for determining

parole eligibility.    Because the change in fundament is detrimental to Petitioner, is constitutes a violation of the Ex Post Facto Clause.    This reasoning was not overruled by the **Simmons** rationale, hence it does not provide a basis to hold that Petitioner's claim is without merit.    See **R&R @ 4.**

### C O N C L U S I O N

**WHEREFORE,** for the reasons above, Petitioner respectfully request this Honorable Court reject the magistrate judge's report and recommendations, and upon review of this matter, de novo, grant the Petition for a Writ of Habeas Corpus by vacating the Commission's judgment and remanding the matter to the Commission for a rehearing using only accurate information and the proper guidelines.

Date: 5/31/06

James Keitt #05240-016
Petitioner/Pro-se
FCI McKean
P.O. Box 8000
Bradford, PA 16701

### CERTIFICATE OF SERVICE

The undersigned certifies that on the date listed below, a true and correct copy of the foregoing was conveyed to prison authorities for mailing in accordance with prison legal mail policy with first class U.S. postage prepaid and properly addressed to the following party:

        Christy Criswell Wiegand
        Assistant U.S. Attorney
        U.S. Courthouse & Post Office
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219

Date: 5/31/06

James Keitt #05240-016

**A P P E N D I X**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JAMES KEITT,                                  )
        Petitioner,                         )
                           )
              v.                              )      **Civil Action No. 04-362E**
                           )      **District Judge McLaughlin**
UNITED STATES PAROLE                          )      **Magistrate Judge Baxter**
COMMISSION, et al.,                           )
        Respondents.                        )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**      **RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied.

**II.**      **REPORT**

This is a petition filed pursuant to 28 U.S.C. §2241 by James Keitt, a federal prisoner incarcerated at the Federal Correctional Institution at McKean, located in Bradford, Pennsylvania. Keitt alleges that the United States Parole Commission has acted improperly in several respects leading to his continued incarceration. A response has been filed (Docket #6) and Keitt filed a reply (Docket #11). The petition is now ripe for disposition.

**A.**      **Procedural History.**

Petitioner James Keitt has been either in custody or on parole since 1979 for crimes committed in the District of Columbia. Keitt's latest period of release on parole ended in September 1996, when he was charged in the District of Columbia Superior Court with armed robbery. These new charges resulted in a sentence of 15 years of imprisonment after his conviction on July 28, 1997 (Docket #11, Exhibit 11). The Parole Commission revoked Keitt's parole on October 4, 2004, (Id., Exhibit N) on the basis of Keitt's July 1997 conviction for armed robbery, which involved Keitt assaulting an elderly woman with a knife and threatening to kill her during the assault (Id., Exhibit M at 2). At the Parole Hearing, Keitt admitted pleading guilty to armed robbery, but asserted that he did so only to avoid a life sentence as a three-time offender (Id.). Keitt denied robbing, assaulting or threatening the victim, and claimed she was angry with him when he rebuffed her sexual advances, and had, in fact, injured

herself while preparing food (Id.).

Petitioner initially raised four claims concerning the October 2004 Commission decision:

1.    The Commission denied petitioner due process by ruling that their decision was not appealable;

2.    The Commission relied upon erroneous information in finding that petitioner attempted to murder the victim;

3.    The application of Commission guidelines rather than the D.C. Parole Guidelines violated the Ex Post Facto Clause;

4.    The Double Jeopardy Clause was violated by the Commission's action.

(Docket #1). Petitioner Keitt concedes in his reply that he has no right to an administrative appeal, and that the Commission's action did not result in double jeopardy (Docket #11). Thus, Keitt has conceded his first and fourth claims, and the court need address only the second and third claims set forth above.

### B.    Applicable Legal Standard.

A petition pursuant to §2241 is the proper method for challenging the actions of the United States Parole Commission. See, e.g., U.S. v. Kennedy, 851 F.2d 689, 691 & n. 4 (3d Cir.1988) (challenge to parole commission's execution of federal sentence properly challenged under Section 2241). However, the standard of review of the Parole Commission's determination is "extremely deferential." Furnari v. Warden, Allenwood Federal Correctional Institution, 218 F.3d 250 (3d Cir.2000). The court must affirm the Parole Commission's decision as long as "'there is a rational basis in the record for the [Parole Commission's] conclusions embodied in its statement of reasons.'" Id. (quoting Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir.1976)).

### C.    Petitioner's Claims.

Keitt's first argument is that the 2004 revocation proceeding was premised upon an inaccurate finding of fact concerning his having attempted to murder the robbery victim. In this respect, the standard of review explained in Furnari is relevant:

The appropriate standard of review of the Commission's findings of fact "is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in

- 2 -

> its statement of reasons." <u>Zannino v. Arnold</u>, 531 F.2d 687, 691 (3d Cir.1976); <u>see also</u> 28 C.F.R. § 2.18 ("The granting of parole to an eligible prisoner rests in the discretion of the United States Parole Commission."). This Court should review, however, whether the Commission "has followed criteria appropriate, rational and consistent" with its enabling statutes so that its "decision is not arbitrary and capricious, nor based on impermissible considerations."<u>Zannino</u>, 531 F.2d at 690. To this end, "the Commission may not base its judgment as to parole on an inaccurate factual predicate." <u>Campbell v. United States Parole Comm'n</u>, 704 F.2d 106, 109 (3d Cir.1983) (citations omitted).

218 F.3d at 254.

Here, the Commission relied upon evidence contained in a pre-hearing assessment which, in turn, drew information from Keitt's guilty plea to armed robbery. The Commission concluded that Keitt assaulted an 80 year-old woman with a knife and threatened to kill her while robbing her (Docket #11, Exhibit O). The Commission determined that Keitt's behavior exhibited a "high level of violence," as it was an attempt to murder the victim. The Commission's Guidelines assign a point score to an offense premised upon a finding that it involves a high level of violence. 28 C.F.R. §2.80 (f). Keitt objects to this finding, and argues that his version of events, where no verbal threat was made and the victim injured herself while falling down while holding a knife, is more credible. He argues that this is the case even though he pleaded guilty to charges of armed robbery, and that the Commission's assignment of an offense score was in error.

The Commission's findings have a rational basis in the record. The Commission is not required to credit Keitt's version of events, nor is it required to discount the victim's testimony concerning what occurred. Accordingly, the Commission's findings may not be disturbed.

Keitt next argues that application of the Commission's Guidelines is an Ex Post Facto violation. Specifically, petitioner asserts that he may have obtained a different result at his parole hearing had earlier guidelines, adopted by the District of Columbia Board of Parole, been applied. Petitioner's custody, as well as the custody of all convicted D.C. felons, was transferred to the United States Parole Commission (USPC) on August 5, 1998, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1). The Commission, pursuant to authority granted under the Act, has amended the guidelines applicable to D.C. offenders since that time. Keitt argues that he is entitled to application of the parole guidelines extant when he first came under the Board's jurisdiction. This argument has been rejected by various courts. <u>Simmons v. Shearin</u>, 295 F.Supp. 599, 603-604 (D.Md. 2003) (citing cases). The discussion

- 3 -

of this issue in <u>Simmons</u> is instructive:

> The D.C. Parole Board's scoring system created by the 1987 guidelines simply formalized the method by which it exercised its considerable discretion to grant parole. <u>Davis v. Henderson</u>, 652 A.2d 634, 634 (D.D.C. 1995). The USPC also exercises broad discretion, and several circuits accordingly have concluded that the USPC guidelines are not "laws" within the meaning of the *Ex Post Facto* Clause.

<u>Id</u>. at 603. Therefore, since the manner in which parole was granted or denied did not greatly change when the D.C. Parole Board adopted its guidelines, and since "discretion was the key factor in determining Petitioner's parole eligibility under both the D.C. Parole Board and the [United States Parole Commission Guidelines]" D.C. prisoners like petitioner here "cannot establish that the change in guidelines created a risk of increased punishment sufficient to state an *Ex Post Facto* Clause challenge." <u>Id</u>. at 604. Petitioner's claim that he was entitled to application of regulations long since amended is meritless.


### D.    Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." <u>Szuchon v. Lehman</u>, 273 F.3d 299, 312 (3d Cir. 2001) quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." <u>McCracken v. Gibson</u>, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. <u>United States v. Cepero</u>, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

- 4 -

III.    **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  May 16, 2006

May 31, 2006

James Keitt #05240-016
FCI McKean
P.O. Box 8000
Bradford, PA 16701

United States District Court
Western District of Pennsylvania
Office of the Clerk
17 South Park row
Erie, PA 16501

Re:  **Keitt v. U.S. Parole Comm'n, et al.:**
     **Case No. 04-362E**

Dear Clerk:

    Enclosed for filing please find the original and Magistrate
Judge's Copy of Petitioner's Objection To The Magistrate Judge's
Report and Recommendation", with Certificate of Service.

    Also, be advised that this pleading was due for filing by
June 5, 2006.  It was given to prison authorities for mailing
on the date above.  Hence, it should be deemed as timely.

    Your assistance is greatly appreciated.


Sincerely,


_____ James Keitt _____
cc: file
  : jc/dnr
  : enclosure
  : AUSA Wiegand