**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES KEITT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 04-362(E) |
| | ) | |
| v. | ) | Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| UNITED STATES PAROLE COMMISSION, | ) | |
| DISTRICT OF COLUMBIA BOARD | ) | |
| OF PAROLE, | ) | |
| | ) | filed electronically |
| Respondents. | ) | |

**RESPONSE TO PETITIONER'S OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

AND NOW, come Respondents, by and through their attorneys, Mary Beth Buchanan, United

States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S.

Attorney for said district, and respectfully submit the following Response to the Petitioner's

Objections to Magistrate Judge Baxter's Report and Recommendation.

## I. INTRODUCTION

Petitioner, James Keitt ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241 in which he alleged that the United States Parole Commission ("the

Commission"): (1) violated his Fifth Amendment due process rights by not providing him with an

administrative appeal of his parole decision; (2) impermissibly relied on erroneous conduct (i.e.,

attempted murder rather than armed robbery) in determining his guideline range; (3) violated the Ex

Post Facto clause of the Constitution by using the parole regulations found in Title 28 of the Code

of Federal Regulations, rather than the rules of the D.C. Parole Board; and (4) subjected him to

double jeopardy because it conducted a combined initial/dispositional revocation hearing in his case,

yet retained a parole violation detainer against him.

On May 16, 2006, Magistrate Judge Baxter submitted her Report and Recommendation ("R & R"), in which she recommended that the Petition for Writ of Habeas Corpus be denied. Petitioner subsequently filed objections to the R & R. Specifically, Petitioner objects to the Magistrate Judge's determination that the Commission's findings had a rational basis in the record, and that the application of the Commission's Guidelines did not violate the Ex Post Facto clause. In response to Petitioner's objections, Respondents submit the following:

## II. ARGUMENT

### The Court should adopt the Magistrate Judge's Report and Recommendation and deny the Petition for Writ of Habeas Corpus.

Petitioner challenges the Magistrate's finding that the Commission's findings of fact -- that Petitioner had assaulted an 80-year-old woman and threatened to kill her while robbing her -- was supported by a rational basis in the record. Specifically, he points to two alleged errors in the Commission's prehearing assessment (a document prepared by a hearing examiner in anticipation of a hearing, which summarizes record evidence): its statement that Petitioner and his roommate robbed an 80-year-old woman, when in fact it was the victim herself who was his roommate, and no other person was involved; and the omission of information in the presentence report indicating that the assault was preceded by a "discussion between the victim and petitioner about an empty beverage container he left on the kitchen table and that this discussion escalated to an argument." See Objections to Magistrate Judges Report and Recommendation ("Objections"), at p. 3. Neither of these alleged errors undermine the Magistrate's conclusion.

As the Magistrate Judge correctly found, the Commission determined that Petitioner's

behavior exhibited a "high level of violence," as it was an attempt to murder the victim.  The

Commission's finding that it was an attempt to murder the victim is supported by record evidence:

the presentence report states that Petitioner stabbed the victim, then choked her, and stated "I'm

going to kill you."    See Petitioner's Presentence Investigation Report ("PSI"), p. 3[1] ("The defendant

struck the complainant once about the head with the knife causing a laceration.  The defendant

pushed the complainant to the floor and began to choke her with his hands.  The defendant stated,

"Mom, mom, I'm going to kill you.") Clearly, there is a rational basis in the record for the

Commission's conclusion that Petitioner attempted to kill the victim.   The Magistrate's

recommendation should be adopted.[2]

---

[1]Page 3 of the PSI was Exhibit "O" to Respondents' Response to Petition for Writ of Habeas
Corpus, and was filed under seal pursuant to this Court's order of April 28, 2005.   In accordance
with Bureau of Prisons Program Statement 1351.05, Release of Information (September 19, 2002),
inmates may not possess their PSIs or the Statement of Reasons, which are commonly appended to
Judgment and Commitment Orders.  Inmates who wish to review these documents may access,
review, and make notes from these documents upon submission of a request to a member of their
Unit Team.

[2] Petitioner's allegation that "the PSI indicated that the alleged incident was preceded by a
discussion between the victim and petitioner about an empty beverage container ... and that this
discussion escalated to an argument," see Objections, p. 3,  misconstrues the PSI.  To the contrary,
the PSI states that:

> [t]he defendant Keitt, who is the complaint's roommate returned home.  The
> complainant and the defendant had a short conversation.  The complainant left the
> defendant's presence and entered the kitchen area to serve him food.  The defendant
> followed the complainant into the kitchen.  Once inside the kitchen the defendant
> placed an empty beverage container on the kitchen counter.  The complainant
> requested he place the container in the garbage.  The defendant replied the rear door
> was locked.  The complainant proceeded to get her keys and open the door.  The
> defendant attacked the complainant from behind with a knife.

See PSI, Exhibit O, at p. 3.  Only in the "Defendant's Version" section of the PSI does it state that
Petitioner and the victim argued.  ("The defendant ... stated that the complainant was borderline
senile, and drank sometimes.  He stated that the complainant shouted at him about leaving a cookie

Petitioner's ex post facto claim should also be rejected.  The Magistrate Judge found that Petitioner could not establish that the change in parole guidelines created a significant risk of increased punishment, because both the D.C. Parole Board and the Parole Commission exercised discretion as "'the key factor in determining petitioner's parole eligibility.'"  <u>See</u> Report and Recommendation, p. 4 (quoting <u>Simmons v. Shearin</u>, 295 F.Supp.2d 599 (D.Md. 2003)).  Petitioner argues that the Commission's guidelines put him at a substantial disadvantage because they "alter the fundament for determining parole eligibility" in a manner which is detrimental to him.  This claim is meritless.  As the Magistrate correctly found, the D.C. Board's scoring system merely formalized the Board's exercise of its considerable discretion regarding parole, and the U.S. Parole Commission's rules retain that broad discretion.  Petitioner cannot, and has not, met his burden to establish that the change in guidelines created a significant risk of increased punishment.  The Commission's rules do not "alter the fundament for determining parole eligibility," as Petitioner claims; to the contrary, the date of parole eligibility is a function of the prisoner's sentence structure, determined by the sentencing court.   Petitioner became eligible for parole on his new sentence on August 21, 2001.  <u>See</u> Exhibit H to Respondents' Response to Petition for Writ of Habeas Corpus, at  p. 2.  Petitioner's objections are without merit.   The Report and Recommendation of the Magistrate Judge should be adopted by the Court, and the Petition for Writ of Habeas Corpus denied.

---

wrapper on the counter. He stated he asked her why she is always shouting at him. They argued and she had a knife in her hand. He stated that she fell back and hit her head. He said that she didn't want him to help her and she started pleading with him not to leave and told him where the keys were.")  <u>Id</u>.  The Commission did not abuse its discretion in not crediting this self-serving version of events, which is inconsistent with Petitioner's conviction for armed robbery.

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should adopt the Report and Recommendation of the Magistrate Judge, and deny the Petition for Writ of Habeas Corpus.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

_s/  Christy Wiegand_____
CHRISTY WIEGAND
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

Counsel for the Respondents

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served this date a copy of the within *Response to Petitioner's Objections*

*to Magistrate Judge's Report and Recommendation*, by mail or electronic filing, upon the following:

James Keitt
Reg. No. 05240-016
FCI McKean
PO Box 8000
Bradford, PA   16701


 s/  Christy  Wiegand
CHRISTY WIEGAND
Assistant United States Attorney


Date:    June 29, 2006