DLD-248

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3802
_____

JAMES KEITT,

Appellant

v.

U.S. PAROLE COMMISSION; DISTRICT OF COLUMBIA BOARD OF PAROLE
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00362E)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
or Request For A Certificate of Appealability Under 28 U.S.C. § 2253(c)(2)
May 24, 2007

Before: BARRY, AMBRO and FISHER, Circuit Judges

(Filed : June 8, 2007)
_____

OPINION
_____

PER CURIAM

James Keitt, a prisoner, appeals pro se from an order of the United States District

Court for the Middle District of Pennsylvania denying his habeas petition filed under 28

U.S.C. § 2241.[1]  We will deny a certificate of appealability.

Keitt has been either incarcerated or on parole since 1979 when he was sentenced by the District of Columbia Superior Court to, inter alia, 15 years imprisonment for burglary while armed and 20 years imprisonment for armed robbery.  Keitt was paroled from this sentence in September 1988, to remain under parole supervision until June 2013.  In February 1996, the U.S. Parole Commission ("Commission") revoked Keitt's parole and subsequently transferred jurisdiction over Keitt back to the D.C. Board of Parole ("D.C. Board").  In September 1996, the D.C. Board issued a warrant charging Keitt with violating the conditions of his parole.  In July 1997, the District of Columbia Superior Court sentenced Keitt to an additional 15 years imprisonment for armed robbery.  Later, the Commission conducted a combined dispositional revocation hearing and rehearing ("hearing") on Keitt's new sentence ultimately revoking Keitt's parole on October 4, 2004.[2]  The Commission determined that Keitt's offense exhibited a high-level

---

[1] At the time Keitt filed his § 2241 petition, he was incarcerated in a federal correctional institution in Pennsylvania.

[2] In July 2000, Keitt was transferred back to the jurisdiction of the Commission. The Commission assumed jurisdiction over D.C. offenders on August 5, 1998, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act").  See Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712 (1997) (codified as amended at D.C. Code § 24-131 (2001)).  Under the Revitalization Act, the Commission is given exclusive jurisdiction over all D.C. felony prisoners and authorized to amend or supplement the 1987 D.C. parole regulations.  See D.C. Code § 24-131(c). Upon assuming the authority of the D.C. Board, the Commission revised the regulations pursuant to this authority and they now appear at 28 C.F.R. § 2.80.

of violence and assigned him a higher base point score premised upon that finding.[3] See 28 C.F.R. § 2.80(f) (2004) (providing for an addition of two points to a base score in the case of a "[c]urrent offense [that] involved attempted murder . . . or any willful violence in which the victim survived despite death having been the most probable result at the time the offense was committed.") At the hearing, Keitt admitted to pleading guilty to armed robbery, but asserted that he did so only to avoid a life-sentence as a three-time offender. Keitt, however, denied robbing, assaulting or threatening his victim.

In December 2004, Keitt filed the instant petition for writ of habeas corpus under § 2241. Keitt claims that: (1) the Commission denied him due process; (2) the Commission relied upon erroneous information in finding that he attempted to murder his victim; (3) the application of Commission guidelines rather than D.C. Board regulations violated the Ex Post Facto Clause; and (4) the Commission's action violated double jeopardy.[4] The magistrate judge concluded that Keitt's claims are meritless. First, the magistrate judge determined that the Commission's findings regarding the level of violence in Keitt's

---

[3] Under the 2004 version of the guidelines for D.C. Code offenders, a salient factor score, a tool used to predict recidivism, was combined with pre- and post-incarceration factors to establish a base point score guideline range. See 28 C.F.R. § 2.80(h). One of the pre-incarceration factors in the base point score was whether the underlying offense involved death of a victim or a high level of violence. See 28 C.F.R. 2.80(f). In the instant case, the Commission set Keitt's base point score at nine (a higher total score translates to a lower likelihood of parole) which was calculated as follows: three points for risk of recidivism, four points for "violence in the current offense," and two points because the current offense involved attempted murder or willful violence in which death of the victim was a likely result—Keitt challenges the last award. Id.

[4] In a reply brief filed in the district court, Keitt conceded that the Commission's action did not result in double jeopardy; thus, Keitt conceded his first and fourth claims.

underlying conviction had a rational basis in the record.  Second, the magistrate judge rejected Keitt's Ex Post Facto Clause claim because under Simmons v. Shearin, 295 F. Supp. 2d 599, 603-04 (D. Md. 2003), the Commission's guidelines did not constitute "laws" within the meaning of the Ex Post Facto Clause itself.  In July 2006, the district court adopted the magistrate judge's report and recommendation, denying Keitt's petition.  Keitt filed a timely notice of appeal.

    For purposes of federal habeas relief, because Keitt is in custody pursuant to a District of Columbia court judgment, he is a state prisoner.  See Madley v. U.S. Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002).  Given that Keitt seeks to challenge his continued detention, he must obtain a certificate of appealability to pursue this appeal.[5]  See 28 U.S.C. § 2253(c)(1)(A); see also Madley, 278 F.3d at 1310.  For the purposes of this opinion, Keitt's timely notice of appeal serves as his request for a certificate of appealability.  See Coady v. Vaughn, 251 F.3d 480, 486-87 (3d Cir. 2001).

    Both this and the district court's review of a Commission decision is limited to whether there is a rational basis in the record for the Commission's statement of reasons for denial of parole.  See Furnari v. Warden, Allenwood Fed. Correctional Inst., 218 F.3d 250, 254 (3d Cir. 2000).  Federal courts should also consider whether the Commission "'followed criteria appropriate, rational and consistent' with its enabling statutes so that

---

[5] To obtain a certificate of appealability, Keitt must make a substantial showing of a denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  To show such a denial, Keitt must demonstrate that reasonable jurists could disagree about whether the district court's resolution of his claims was correct.  See Miller-El v. Cockrell, 537 U.S. 322, 335 (2003).  Under this standard, a threshold inquiry into Keitt's claims is appropriate.

its 'decision is not arbitrary and capricious, nor based on impermissible considerations.'" Id. (citation omitted). "To this end, 'the Commission may not base its judgment as to parole on an inaccurate factual predicate.'" Id. (citation omitted).

The Commission had a rational basis to conclude that the level of violence in Keitt's underlying offense involved attempted murder or violence in which the death of the victim would have been a probable result. See 28 C.F.R. § 2.80(f). Relying on evidence contained in a pre-hearing assessment, which was based on Keitt's guilty plea, the Commission found that Keitt assaulted an 80-year-old woman with a knife and threatened to kill her while robbing her. As the magistrate judge noted, "[t]he Commission [wa]s not required to credit Keitt's version of the events, nor [wa]s it required to discount the victim's testimony concerning what occurred." Keitt stated he was going to kill, and in fact stabbed, his elderly victim. Thus, at least some evidence supports the Commission's determination that Keitt engaged in willful violence that had a probability of leading to death. See § 2.80(f). We do not assess the credibility of the evidence upon which the Commission relied unless those credibility determinations were arbitrary or capricious. See Furnari, 218 F.3d at 254. After a review of the record, we conclude that the Commission's decision was rationally supported and, particularly in light of the limited review permitted the district court in this case, reasonable jurists would not debate whether the district court properly denied Keitt's petition.

Keitt's ex post facto claim likewise fails. Keitt argues that the Commission's use of its own guidelines violated the Ex Post Facto Clause because had his parole eligibility

-5-

been scored under previous D.C. Board parole regulations, extant when he first came under its jurisdiction, his parole outcome would have been more lenient. The Ex Post Facto Clause prohibits the enactment of any law that "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43 (1990). Keitt must satisfy two prongs for a successful Ex Post Facto Clause claim—he must show not only a change in law or policy which has been given retroactive effect, but also that its retroactive application to him created a real risk of increasing the measure of his punishment. See Richardson v. Pa. Bd. of Prob. & Parole, 423 F.3d 282, 287-88 (3d Cir. 2005); see also Garner v. Jones, 529 U.S. 244, 255 (2000).

Keitt's argument is predicated upon the assumption that the parole guidelines are "laws" as that term is set forth in the Ex Post Facto Clause. In this court whether the Commission's guidelines constitute laws is determined by the flexibility with which they are applied, as the United States District Court for the District of Columbia explained:

> Most courts of appeals addressing the question have held that Parole Commission guidelines, which simply provide guides for the exercise of discretion, cannot be considered "laws" for purpose of the Ex Post Facto Clause of the Constitution. . . . However, the Courts of Appeals for both the District of Columbia Circuit and the Third Circuit have suggested that guidelines that are "administered without sufficient flexibility" might constitute "laws" for Ex Post Facto Clause purposes. . . . United States ex rel. Forman v. McCall, 776 F.2d 1156, 1158 (3d Cir.1985) [("Forman II")]; see Allston v. Gaines, 158 F. Supp. 2d 76, 82 (D.D.C. 2001).

Pindle v. Poteat, 360 F. Supp. 2d 17, 20 (D.D.C. 2003) (some internal citations omitted). Thus, our precedent dictates that "[i]f applied without substantial flexibility, the parole guidelines constitute 'laws' within the meaning of the ex post facto clause." United

States ex rel. Forman v. McCall, 709 F.2d 852, 862 (3d Cir. 1983) ("Forman I"). "Substantial flexibility" is shown where the Commission departs (either above or below) from the applicable guidelines in 25% of the cases before it. Forman II, 776 F.2d at 1163. Here, Keitt has presented no evidence regarding the degree of inflexibility with which the Commission's guidelines are currently applied. Cf. Allston, 158 F. Supp. 2d at 76 (applying our statistical evaluation approach as outlined in Forman I and concluding that "under the analytical framework announced by the Third Circuit, the statistical evidence- if statistical evidence by itself is enough to demonstrate substantially limited discretion- does not prove that the Parole Commission's discretion is substantially limited in this case.")

Assuming, arguendo, that the Commission's guidelines are "laws" for the purposes of the Ex Post Facto Clause, Keitt has failed to meet his burden of showing a "significant risk" of increased punishment. "[A] 'speculative and attenuated possibility . . . of increasing the measure of punishment' is not enough." Richardson, 423 F.3d at 288 (quoting Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995)). The prisoner carries the ultimate burden of establishing that the measure of punishment itself has changed and that the law, as applied to his own sentence, created a significant risk of increasing his punishment. Id. Keitt's assertion that the previous regulations used by the D.C. Board would have provided him more lenient parole treatment is, at best, gratuitous. Given that Keitt has failed to advance any specific allegation that the Commission's revision of the guidelines caused a more onerous penalty to be applied in his case, reasonable jurists

would not debate whether the district court properly denied his petition.

Jurists of reason, therefore, could not debate the correctness of the district court's decision.  See Miller-El, 537 U.S. at 335.  We will, therefore, deny Keitt's request for a certificate of appealability.  Given our decision, appellees' motion for summary affirmance is denied as moot.